1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

RYAN CONCEPCION,

          Petitioner,

       v.

DERRAL G. ADAMS, Warden,

          Respondent.

Case No. ED CV 10-0123 JFW (JCG)

**ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, the Magistrate Judge's Report and Recommendation, Petitioner's Objections to the Report and Recommendation ("Objections"), and the remaining record, and has made a *de novo* determination.

Petitioner's Objections generally parrot and rehash the arguments made in the Petition and Reply, and lack merit for the reasons set forth in the Report and Recommendation.

There is one issue, however, that warrants brief amplification here. Petitioner challenges the California Supreme Court's factual finding that "law enforcement 'could not' bring Petitioner to" his trial on the same day that he was apprehended. (Obj. at 5.) Specifically, Petitioner claims that there is "no competent evidence in the record that shows that Petitioner **could not** be brought

1  to court." (*Id.* (emphasis in original).)

2  Petitioner is wrong. As Petitioner acknowledges, the trial court clearly

3  stated, on the record, that a "Sergeant" advised the court that Petitioner could not

4  be brought to court that day. (RT at 126-127.) Petitioner makes much of the fact

5  that the "Sergeant" did not testify at trial, and that instead, the information "came

6  from an ex parte conversation between the judge and 'the Sergeant' ...." (*See* Obj.

7  at 5-6.) But Petitioner fails to cite any authority, nor is the Court aware of any,

8  that required the Court to take the "Sergeant's" testimony on this issue.

9  And in any event, Petitioner falls far short of meeting *his* burden to rebut the

10  California Supreme Court's finding with *clear and convincing* evidence. *See* 28

11  U.S.C. § 2254(e)(1) (In a habeas proceeding, "a determination of a factual issue

12  made by a State court shall be presumed to be correct. The applicant shall have

13  the burden of rebutting the presumption of correctness by clear and convincing

14  evidence.") Other than speculative and conclusory statements about what law

15  enforcement could have done, Petitioner fails to provide the Court with any basis

16  upon which to conclude that the California Supreme Court's finding was incorrect.

17  Accordingly, IT IS ORDERED THAT:

18  1.  The Report and Recommendation is approved and adopted;

19  2.  Judgment be entered denying the Petition and dismissing this action

20     with prejudice; and

21  3.  The Clerk serve copies of this Order on the parties.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

1   Additionally, for the reasons stated in the Report and Recommendation, the

2   Court finds that Petitioner has not made a substantial showing of the denial of a

3   constitutional right. *See* 28 U.S.C. § 2253; Fed. R. App. P. 22(b); *Miller-El v.*

4   *Cockrell*, 537 U.S. 322, 336 (2003).  Thus, the Court declines to issue a certificate

5   of appealability.

6

7

8   DATED: _____

9

10   _____

   HON. JOHN F. WALTER
   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3